

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

JAN 14  PM 12: 59

CLERK US D.....
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

March 12, 2008

Jamie Poncio, Clerk's Office
United States District Court
880 Front Street, Suite 4290
San Diego, CA 92101

Re:   Transfer of our Civil Case No. __CV 07-6659 CJC (JCR)__

'08 CV 0 477 JAH NLS

Case Title: __Kimberly Lorraine Griggs v. Dawn S. Davison__

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Very truly yours,

Clerk, U.S. District Court

By _____
**ED SAMBRANO**
Deputy Clerk

cc:   All counsel of record

===================================================================================

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

CV-22 (01/01)                    TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT

I hereby attest and certify on 3/12/08
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK



(1098)

Priority ✓
Send ✓
Enter ✓
Closed ✓
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

BY

U.. 2 5 2007

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KIMBERLY LORRAINE
GRIGGS,

                    Petitioner,

          v.

DAWN S. DAVISON, Warden

                    Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 07-6659-CJC (JCR)

**ORDER TRANSFERRING ACTION TO
THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF CALIFORNIA**

On October 15, 2007, Kimberly Lorraine Griggs ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in this Court.

A petition for writ of habeas corpus under 28 U.S.C. § 2254 may be filed in either the district in which the petitioner is in custody or the district in which the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d) (2006). The district court of each such district has concurrent jurisdiction to entertain the petition. *Id.* Petitioner is presently confined at the California Institute for Women in Corona, California, which is located in Riverside County and within the Central District of California. *See* 28 U.S.C. § 84(c) (1992). The face of the Petition and state court records[1] establish that Petitioner was convicted and sentenced in the Superior

---

[1] The Court takes judicial notice of the state appellate court records for Petitioner's case, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (stating that federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

1

1  Court of California, County of San Diego, which is located within the Southern District of

2  California. *See id.* § 84(d). Accordingly, jurisdiction exists in both the Central and Southern

3  Districts of California.

4       When a habeas petitioner is challenging his or her underlying conviction or sentence, as is

5  the case here, the district court for the judicial district in which the petitioner was convicted and

6  sentenced is a more convenient forum because of the accessibility of evidence, records, and

7  witnesses. Thus, it generally is the practice of the district courts in California to transfer habeas

8  actions questioning state convictions and/or sentences to the district in which the petitioner was

9  convicted and sentenced. Although two districts have jurisdiction to entertain the instant

10 Petition, any and all evidence, records, and witnesses necessary for the resolution of Petitioner's

11 contentions are more readily available in San Diego County. *See Laue v. Nelson*, 279 F. Supp.

12 265, 266 (N.D. Cal. 1968). Therefore, in furtherance of the interest of justice,

13      **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States

14 District Court for the Southern District of California. *See* 28 U.S.C. § 2241(d).

15      **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order

16 upon Petitioner and upon the California Attorney General.

17

18 DATED: *October 24, 2007*

19

20                                       CORMAC J. CARNEY

21                                       UNITED STATES DISTRICT JUDGE

22

23 Presented by:

24

25 John C. Rayburn, Jr.
   United States Magistrate Judge

26

27

28

194, CLOSED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-06659-CJC-JCR

Kimberly Lorraine Griggs v. Dawn S Davison
Assigned to: Judge Cormac J. Carney
Referred to: Magistrate Judge John Charles Rayburn, Jr
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 10/15/2007
Date Terminated: 10/29/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

## Petitioner

**Kimberly Lorraine Griggs**    represented by    **Kimberly Lorraine Griggs**
CDC W-88708
California Institution for Women CIW
16756 Chino Corona Road
Corona, CA 92880-9508
PRO SE

I hereby attest and certify on 3/12/08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

(1098)

**V.**

## Respondent

**Dawn S Davison**
*Warden*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/15/2007 | 1 | PETITION for Writ of Habeas Corpus by a Person In State Custody (28:2254) Case assigned to Judge Cormac J. Carney and referred to Magistrate Judge |

| | | |
|---|---|---|
| | | John Charles Rayburn Jr.(Filing fee $ 5; FEE DUE), filed by Petitioner Kimberly Lorraine Griggs.(ak) (Entered: 10/22/2007) |
| 10/15/2007 | 2 | NOTICE OF REFERENCE TO A U.S. MAGISTRATE JUDGE. Pursuant to the provisions of the Local Rules, the within action has been assigned to the calendar of Judge Cormac J. Carney and referred to Magistrate Judge John Charles Rayburn Jr to consider preliminary matters and conduct all further matters as appropriate. The Court must be notified within 15 days of any change of address. (ak) (Entered: 10/22/2007) |
| 10/25/2007 | 3 | ORDER by Judge Cormac J. Carney,, ORDER by Judge Cormac J. Carney transferring case to Southern District of California. Original file, certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (am) (Entered: 10/29/2007) |
| 01/10/2008 | 4 | NOTICE OF DISCREPANCY AND ORDER: by Judge John Charles Rayburn Jr., ORDERING Letter submitted by Petitioner Kimberly Lorraine Griggs received on 1/7/08 is not to be filed but instead rejected. Denial based on: Case Transferred to U.S. District Court for the Southern District of California on 10/29/07. (dts) (Entered: 01/11/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/12/2008 13:55:10 | | | |
| **PACER Login:** | us3877 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-06659-CJC-JCR |
| | | | |

| Billable Pages: | 1 | Cost: | 0.08 |



Fee Due

**Kimberly Lorraine Griggs**
NAME

**W88708**
PRISON IDENTIFICATION/BOOKING NO.

**16756 Chino·Corona Rd**
ADDRESS OR PLACE OF CONFINEMENT

**CIW - California Institute for Women**

Note:    It is your responsibility to notify the Clerk of Court in writing of any
change of address. If represented by an attorney, provide his name,
address, telephone and facsimile numbers, and e-mail address.



11:31 Am

FILED
CLERK, U.S. DISTRICT COURT

OCT 15 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**Kimberly Lorraine Griggs**
FULL NAME (*Include name under which you were convicted*)

Petitioner

v.

**Warden Dawn S. Davison**
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:

CV    **07-6659 CJC (JCR)**
S30    To be supplied by the Clerk of the United States District Court

☐ _____ **AMENDED**

**PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION **South Bay/San Diego County**
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number*)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1.    To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.    In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.    Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.    Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.    You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5.    You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

LODGED
CLERK, U.S. DISTRICT COURT

OCT 11 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

... completed the form, send the original and two copies to the following address:
Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

DOCKETED ON CM

OCT 22 2007

BY _____ 186

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)

CV-69 (04/05)

ORIGINAL ORIGINAL

Page 1 of 10

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*).

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

ZIP 92880

1. Venue
   a. Place of detention _CIW 16756 CHINO CORONA Rd, CORONA CA_
   b. Place of conviction and sentence _SOUTH BAY    3YRS DOUBLED to 6YRS_

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*): _COUNT ONE: SECOND DEGREE Burglary._ _COUNT TWO: GRAND THEFT of Personal Property_
   b. Penal or other code section or sections: _____

   c. Case number: _D047418_
   d. Date of conviction: _SEPT 6th 2005_
   e. Date of sentence: _OCT 6th 2005_
   f. Length of sentence on each count: _COUNT ONE: 6YRS    COUNT TWO: STAYED_
   g. Plea (*check one*):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere
   h. Kind of trial (*check one*):
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?    ☒ Yes ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number: _No. SCS193583_
   b. Grounds raised (*list each*):
      (1) _UNCHARGED EVIDENCE USED TO IMPEACH_

(2) ILLEGAL SENTENCING BASED UPON AGGRAVATING
(a) FACTORS NOT FOUND BY JURY BEYOND REASONABLE
(b) DOUBT

(5) _____

(6) _____

c.  Date of decision: AUGUST 9th 2006

d.  Result  DENIED

_____

4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal
    decision? ☒ Yes  ☐ No

    If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

    a.  Case number: S146543

    b.  Grounds raised *(list each)*:

    (1) UNCHARGED EVIDENCE USED TO IMPEACH.

    (2) ILLEGAL SENTENCING BASED UPON AGGRAVATING
    (a) FACTORS NOT FOUND BY JURY BEYOND REASONABLE
    (b) DOUBT.

    (5) _____

    (6) _____

    c.  Date of decision: OCT 18, 2006

    d.  Result  REVIEW DENIED WITHOUT PREJUDICE.

    _____

5.  If you did not appeal:

    a.  State your reasons _____

    _____

    _____

    _____

    b.  Did you seek permission to file a late appeal?  ☐ Yes  ☐ No

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

    ☒ Yes  ☐ No

    If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the
    rulings on the petitions if available)*:

a. (1) Name of court: Superior Court for the State of California

(2) Case number: HSC 10922; SCS193583

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): July 30th 2007

(4) Grounds raised (list each):

(a) THAT TRIAL JUDGE ERRED IN IMPOSING

(b) AGGRAVATED TERM FOR COUNT ONE BASED

(c) UPON FACTORS IN AGGRAVATION NOT FOUND

(d) BY JURY BEYOND REASONABLE DOUBT

(e) _____

(f) _____

(5) Date of decision: SEPT 25th 2007

(6) Result: DENIED WITH PREJUDICE

(7) Was an evidentiary hearing held?    ☐ Yes    ☒ No

b. (1) Name of court: _____

(2) Case number: _____

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____

(4) Grounds raised (list each):

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result: _____

(7) Was an evidentiary hearing held?    ☐ Yes    ☐ No

c. (1) Name of court: _____

(2) Case number: _____

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____

(4) Grounds raised (list each):

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes   ☐ No

7.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the _facts_ supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:**   *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present _all_ of your grounds to the California Supreme Court.

a.  Ground one: SENTENCE WAS ENHANCED ON THE BASIS OF FACTORS IN AGGRAVATION NOT FOUND BY JURY (cont.)

(1) Supporting FACTS: _____

APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000)

Cunningham V. California No 056551

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☒ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☒ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☒ Yes   ☐ No

b.  Ground two: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes   ☐ No

Ground A

Beyond REASONABle DOUBT. WHILE DURING SENTENCING, TRIAL JUDGE STATED IN OPEN COURT, THAT HE WAS IMPOSING THE UPPER TERM OF THREE (3) YEARS AND DOUBLING IT to SIX (6) YEARS.

" To PREVENT ANY FUTURE HARM AND LOSS To MACY's."

WHICH WAS UNFAIR TO ME BECAUSE, WITH THE JURY's VERDICT OF GUILTY IT WAS APPARENT TO ME THAT MACY AND I NO LONGER HAD A BUSINESS RELATIONSHIP. SO WHAT FUTURE LOSS WAS THE TRIAL JUDGE REFERING TO?

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☒ Yes    ☐ No

c.  Ground three: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

d.  Ground four: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

e.  Ground five: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

8.  If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

9.  Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes    ☑ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?      ☐ Yes   ☐ No

b.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

---

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)**

(7) Was an evidentiary hearing held?    ☐ Yes   ☐ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?    ☐ Yes   ☑ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

11. Are you presently represented by counsel?    ☐ Yes   ☑ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

_____

*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _10-3-2007_
        *Date*

_Kimberly L. Griggs_
        *Signature of Petitioner*

Court of Appeal, Fourth Appellate District, Div. 1 - No. D047418
S146543

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

THE PEOPLE, Plaintiff and Respondent,

v.

KIMBERLY L. GRIGGS, Defendant and Appellant.

Petition for review denied without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in *Cunningham v. California*, No. 05-6551, the effect of *Blakely v. Washington* (2004) 542 U.S. 296 and *United States v. Booker* (2005) 543 U.S. 220, on California law.

Baxter, J., was absent and did not participate.

SUPREME COURT
# FILED

OCT 1 8 2006

Frederick K. Ohlrich Clerk

DEPUTY

_____
Acting Chief Justice

FILED
SAN DIEGO SUPERIOR COURT

SEP 25 2007

CLERK OF THE SUPERIOR COURT
BY MARTHA FLORES

1

2

3

4

5

6

7

8          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN DIEGO

10

11  In the Matter of the Application of          )   Case No.:  HSC 10922; SCS 193583;
                                                 )   Appellate Case No: D047418
12                                               )
                                                 )   ORDER DENYING PETITION FOR WRIT
13        KIMBERLY L. GRIGGS,                     )   OF HABEAS CORPUS
                                                 )
14                     Petitioner.                )
                                                 )
15                                               )
                                                 )
16  _____)

17       AFTER REVIEWING THE PETITION FOR WRIT OF HABEAS CORPUS AND THE

18  COURT FILE IN THE ABOVE-REFERENCED MATTER, THE COURT FINDS AS

19  FOLLOWS:

20       Mr. KIMBERLY L. GRIGGS ("Petitioner") is currently incarcerated with the California

21  Department of Corrections & Rehabilitation ("CDCR").  Petitioner was convicted by jury of one

22  count of burglary (Penal Code[1] § 459) and one count of grand theft (§ 487(a)).  Petitioner waived

23  her right to a jury trial on her prior convictions.  At a bifurcated hearing Petitioner admitted a

24  _____

25  [1] All further statutory references are to the Penal Code.

-1-

1   prior prison term (§ 667.5(b)) and a prior strike conviction (§ 667(b)-(i)).  The court sentenced

2   Petitioner to a total of six years in state prison.  The court awarded the upper term of three years

3   on count one, which was double as result of the prior strike, for a total of six years.

4        Petitioner appealed her conviction to the Court of Appeal, 4th Dist., Div. 1; Case No:

5   D047418.  The appellate court rejected Petitioner's argument that her conviction should be

6   overturned based upon the introduction of uncharged prior theft.  Petitioner's conviction was

7   affirmed in an unpublished decision filed on October 25, 2006.

8        On July 30, 2007, Petitioner filed a petition for writ of habeas corpus ("Petition").

9   Petitioner claims that the court improperly sentenced her to the upper term based on facts that

10  were found by the court, rather than by a jury beyond a reasonable doubt.  Petitioner relies up the

11  U.S. Supreme Court decision in *Cunningham v. California* (2007) 549 U.S. ___ [166 L. Ed. 2d

12  856, 127 S. Ct. 856, 868] (*Cunningham*).  In *Cunningham* the high court invalidated the

13  California determinate sentencing law (DSL) to the extent it authorized the trial court to impose

14  an upper term sentence based on facts that were found by the court, rather than by a jury beyond

15  a reasonable doubt. (*Id.* at 549 U.S. at p. ___ [127 S.Ct. at p. 871].)

16       For reasons that follow, Petitioner is not entitled to relief under *Cunningham*.  The

17  decision in *Cunningham* issued on January 22, 2007.  Petitioner was sentenced and her direct

18  appeal was final before *Cunningham* was decided.  *Cunningham* is not to be applied retroactively

19  because it does not establish a watershed rule of criminal procedure.  (*In re Gomez* (2007) 153

20  Cal. App. 4th 1516.)   Petitioner therefore fails to make a prima facie showing for relief.  For the

21  reasons stated, the Petition is denied.

22       Service of this ORDER is ordered on Petitioner.

23  IT IS SO ORDERED:

24  Dated:  9/31/07

25                                  ESTEBAN HERNANDEZ
                                    JUDGE OF THE SUPERIOR COURT

-2-

Griggs - Order Denying Petition for Writ of Habeas Corpus

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | COURT USE ONLY |
|---|---|
| ☐ CENTRAL COURT, 220 W. BROADWAY, SAN DIEGO, CA 92101-3409<br>☐ FAMILY COURT BUILDING, 1501-55 SIXTH, SAN DIEGO, CA 92101-1946<br>☐ NORTH COUNTY BRANCH, 325 S. MELROSE, VISTA, CA 92083-6627<br>☐ EAST COUNTY COURT, 250 E. MAIN, EL CAJON, CA 92020-3913<br>☒ SOUTH COUNTY DIVISION, 500 THIRD, CHULA VISTA, CA 91910-5694<br>☐ JUVENILE DIVISION, 2851 MEADOW LARK, SAN DIEGO, CA 92123-2792 | **FILED**<br>**SAN DIEGO SUPERIOR COURT**<br><br>SEP 2 5 2007<br><br>CLERK OF THE SUPERIOR COURT<br>BY MARTHA LUKES |

| PLAINTIFF(S)<br>IN THE MATTER OF THE APPLICATION OF KIMBERLY L. GRIGGS<br>FOR PETITION OF WRIT OF HABEAS CORPUS | |
|---|---|
| DEFENDANT(S)<br>**SAN DIEGO SUPERIOR COURT** | JUDGE Esteban Hernandez<br><br>DEPT: Superior Court |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL**<br>( CCP 1013a(4) ) | CASE NUMBER<br>**HSC** 10922; SCS193583;<br>Appellate Case D047418 |

**I, Michael Roddy,** certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following documents:

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS.

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:
☐ San Diego   ☐ Vista   ☐ El Cajon   ☒ Chula Vista, California.

<u>NAME(S) & ADDRESS(ES):</u>

Kimberly L. Griggs
W-88708
167596 Chino Corona Rd
Corona, CA 92880-9508

The foregoing instrument consisting
of _____ page(s) is a full, true
and correct copy of the original on
file in this office.

Clerk of the San Diego Superior Court
Dated: 9/25/07
By: _____ Deputy

**CLERK OF THE SUPERIOR COURT**

By: M. Flores, Deputy

Date: 9/25/07

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

SUPCT CIV-286(Rev. 3-94)

Pg 1 of 2

10-3-2007

Dear Honorable Justice

I would like to Ask A Question for clarification, Pertaining to My Writ of HABEAS Corpus Petition, Denied By the superior Court of California. (DOCUMENT ATTACHED).

ON Page 2, LINE 17 And LINE 18.

This is THE Question:

IN My Appeal To the Supreme Court. If my Petition for Review WAS Denied without Prejudice To Relief entitled to After United States Supreme Court Determines Cunningham V. California. And The court order Allowing me to Seek Relief WAS filed, October 18th 2006.

HOW WAS The Determination Made That I WAS SEEKing Retroactive Relief?, WHEN Cunningham V. California WASn't Decided until January, 22nd 2007

Also, IF My CASE WAS finalized
In THE supreme Court of California
As STATED on Petition Denying
My WriT Pg 2 Line 17 And Line 18

THEN WAsn't THE final order
of THE court; THAT without
Prejudice I WAS Entitled to
SEEK RELIEF AFTER United States
Supreme court DETermineD
Cunningham v. California.

WAS THAT OR WAS THAT Not
THE order of THE court?
Could you Please clarify

SINCErely
KimBERly Griggs

SUPREME COURT NO. _____

# IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | CASE NO. D047418 |
| Plaintiff and respondent, | SUPERIOR COURT SAN DIEGO COUNTY NO. SCS193583 |
| v. | |
| KIMBERLY L. GRIGGS | |
| Defendant and appellant. | |

**Appeal from the Superior Court of San Diego County**

**Honorable Rafael A. Arreola, Judge**

## PETITION FOR REVIEW

LISE M. BREAKEY
California State Bar No. 222847
5750 Amaya Drive, Unit 8
La Mesa, CA 91942
(619) 825-9300

By appointment of the Court of Appeal
under the Appellate Defenders, Inc.
assisted case system.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.....................................................iii

ISSUES PRESENTED FOR REIVEW.................................2

NECESSITY FOR REVIEW...............................................2

STATEMENT OF CASE AND FACTS...............................3

ARGUMENT

I.     THIS COURT SHOULD GRANT REVIEW TO ASCERTAIN WHETHER THE COURT OF APPEAL ERRED IN DETERMINING THAT THE TRIAL COURT DID NOT PREJUDICALLY ERR IN VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS BY ADMITTING AN UNCHARGED PRIOR ACT OF SHOPLIFTING TO IMPEACH AND PROVE INTENT...............................3

     A.    Introduction.......................................................3

     B.    The Trial Court Erred In Admitting The Uncharged Prior Conduct To Impeach Because Petitioner Testified That She Had Previously Shoplifted At Macy's And That She Was In San Diego In March...............................................5

     C.    The Trial Court Erred In Admitting The Uncharged March 10 Conduct To Prove Intent On May 20 Because There Was No Evidence Of Petitioner's Intent On March 10...........................9

     D.    The Violations Require Reversal Under The Federal *Chapman* Standard..............................13

II.     **THIS COURT SHOULD GRANT REVIEW TO ASCERTAIN WHETHER THE COURT OF APPEAL ERRED IN DETERMINING THAT THE TRIAL COURT PROPERLY IMPOSED AGGRAVATED TERM FOR COUNT ONE BASED UPON FACTORS IN AGGRAVATION NOT FOUND BY THE JURY BEYOND A REASONABLE DOUBT**.............................................................15

A.     **Introduction** .............................................................15

B.     **Application To California's Determinate Sentencing Law**.............................................16

C.     **Petitioner Was Deprived Of Her Sixth Amendment Right**.............................................17

D.     **The Judgment Should Be Reversed**.....................20

**CONCLUSION**.............................................................21

**APPENDIX A**.............................................................22

## TABLE OF AUTHORITIES

### UNITED STATES CONSTITUTION

Fifth Amendment....................................................15
Sixth Amendment.......….............................. 15, 17-18, 20
Fourteenth Amendment.........................................5, 9, 15

### CALIFORNIA CONSTITUTION

Article I, section 28.............................................…..........5, 7

### CASES

UNITED STATES SUPREME COURT

*Apprendi v. New Jersey* (2000) 530 U.S. 466.................17-19
*Arizona v. Fulminante* (1991) 499 U.S. 279.......................13
*Barnes v. United States* (1973) 412 U.S. 837....................5, 9
*Blakely v. Washington* (2004) 543 U.S. 296.................15-19
*Chapman v. California* (1967) 386 U.S. 18...................20-21
*Neder v. United States* (1999) 527 U.S. 1.........................20
*Old Chief v. United States* (1997) 519 U.S. 172..................14
*Rose v. Clark* (1986) 478 U.S. 570................................13
*Sullivan v. Louisiana* (1993) 508 U.S. 275........................20
*Ulster County Court v. Allen* (1979) 442 U.S. 140.........5, 9, 11
*United States v. Almendarez-Torres* (1998) 523
U.S. 224.......................................................18-19

UNITED STATES COURTS OF APPEALS

*McKinney v. Rees* (9th Cir., 1993) 993 F.2d 1378.................13

CALIFORNIA SUPREME COURT

*People v. Alcala* (1984) 36 Cal.3d 604...........................8, 12
*People v. Babbit* (1988) 45 Cal.3d 660..........................6, 11
*People v. Balcom* (1994) 7 Cal.4th 414.............................14
*People v. Black* (2005) 35 Cal.4th 1238..........................2, 15
*People v. Castro* (1985) 38 Cal.3d 301..............................6-7

CALIFORNIA SUPREME COURT CONTINUED

*People v. Ewoldt* (1994) 7 Cal.4th 380..............................10-11
*People v. Guerrero* (1976) 16 Cal.3d 719...........................10
*People v. Roder* (1983) 33 Cal.3d 491................................9
*People v. Sengpadychith* (2001) 26 Cal.4th 316..................20
*People v. Thompson* (1980) 27 Cal3d 303.....................10-12
*People v. Watson* (1956) 46 Cal.2d 818...........................14
*People v. Wheeler* (1992) 4 Cal.4th 284...........................5-8
*People v. Williams* (1988) 44 Cal.3d 883.........................12

CALIFORNIA COURTS OF APPEAL

*People v. Felix* (1999) 70 Cal.Appl4th 426.........................14
*People v. Piceno*(1987) 195 Cal.App.3d 1353...................16
*People v. Reyes* (1976) 62 Cal.App.3d 53..........................7

## CALIFORNIA STATUTES

EVIDENCE CODE

§ 210.................................................................6
§ 350.................................................................5
§ 352.............................................................7, 12
§ 1101................................................................9

PENAL CODE

§ 1170...........................................................16-17

RULES OF COURT

Rule 4.420.......................................................16-17
Rule 4.421.........................................................18
Rule 28..............................................................2
Rule 33.2...........................................................1
Rule 33.3...........................................................2

SUPREME COURT NO. _____

## IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | COURT OF APPEAL NO. D047418 |
| | SAN DIEGO COUNTY SUPERIOR COURT NO. SCS193583 |
| Plaintiff and Respondent, | |
| v. | |
| KIMBERLY L. GRIGGS | |
| Defendant and Petitioner. | |

**Appeal from the Superior Court of San Diego County**

**Honorable Rafael A. Arreola, Judge**

**PETITION FOR REVIEW AFTER THE UNPUBLISHED DECISION OF THE COURT OF APPEAL, FOURTH APPELLATE DISTRICT, DIVISION ONE, AFFIRMING THE JUDGMENT.**

Pursuant to rule 33.2 of the California Rules of Court, petitioner Kimberly L. Griggs respectfully petitions this Court to review the August 9, 2006 unpublished opinion of the Court of Appeal, Fourth District, Division One, affirming the judgment of the



Superior Court of San Diego County.  A copy of the opinion is attached to this petition as Appendix A.

## ISSUES PRESENTED FOR REVIEW

I.  Whether The Trial Court Prejudicially Erred In Violation Of Petitioner's Right To Due Process By Admitting Evidence Of A Prior Uncharged Act Of Shoplifting To Impeach And To Prove Intent.

II.  Whether The Trial Court Violated Petitioner's Right To Jury Trial By Imposing Consecutive Terms Based Upon Factors Not Found By A Jury Beyond A Reasonable Doubt.

## NECESSITY FOR REVIEW

Pursuant to rule 28(b)(1) of the California Rules of Court, the issue merits review to secure uniformity of decision and to settle an important question of law.

The Court of Appeal's opinion erroneously holds that the admission of an uncharged prior act of shoplifting does not prejudice a defendant on trial for shoplifting.  Further, the Court of Appeal rejected petitioner's *Blakely* argument under the authority of this Court's decision in *People v. Black* (2005) 35 Cal.4th 1238.  The argument will be briefly reiterated here in order to exhaust state remedies before presenting a claim for federal habeas corpus relief. (Cal. Rules of Court, rule 33.3(a).)



## STATEMENT OF CASE AND FACTS

Petitioner incorporates the statement of case and facts in the Court of Appeal opinion dated August 9, 2006, attached hereto as Appendix A.

## ARGUMENT

### I.

**THIS COURT SHOULD GRANT REVIEW TO ASCERTAIN WHETHER THE COURT OF APPEAL ERRED IN DETERMINING THAT THE TRIAL COURT DID NOT PREJUDICALLY ERR IN VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS BY ADMITTING AN UNCHARGED PRIOR ACT OF SHOPLIFTING TO IMPEACH AND PROVE INTENT.**

### A.    Introduction

The prosecutor brought a motion in limine to admit a prior uncharged incident of March 10, 2005, in which Macy's loss prevention agents observed petitioner taking clothing into the changing room, then leaving the store, apparently with some of the clothing, but failed to confront her.  The prosecutor wished to introduce this evidence to demonstrate why agents were suspicious of petitioner on May 20, and to prove that petitioner had the intent to deprive Macy's permanently of its property.  (1 R.T. pp. 10-12.)

Defense counsel opposed the motion on grounds that the evidence would consume too much time, would unduly prejudice the jury against petitioner, and that the incident of March 10 was not relevant to prove petitioner's intent on May 20 because her intent on

3

March 10 was unknown. Further, defense counsel argued, there was a high risk that the jury would convict based upon propensity evidence. (1 R.T. pp. 12-14.)

The court denied the motion without prejudice, pending an opportunity for the court to view the videotape of the incident and to see whether the defense intended to attack the agents' purpose in targeting petitioner on May 20. (1 R.T. 16-18.)

On direct and cross-examination, petitioner testified that she had tested the security system by taking out property at the Macy's in Chula Vista prior to May 20. (1 R.T. pp. 83, 95-97.) Over defense counsel's objection, the court permitted the prosecutor to question petitioner as to the specific uncharged incident of apparent shoplifting on March 10. (1 R.T. pp. 104-105.) Defense counsel argued that this incident was not relevant to impeach because petitioner had admitted, not denied, that she had taken property out of Macy's before. Further, it was not relevant to prove intent because, since petitioner was not confronted, there was no evidence to contradict her position that she was authorized, or believed she was authorized, to take clothing out of the store. (1 R.T. pp. 102-103.)

The court ruled, however, that the incident was relevant to impeach petitioner's statement that she had just returned to San Diego from Chicago a week and a half prior to her arrest on May 20 by demonstrating she was in the area on March 10, notwithstanding defense counsel's protest that petitioner had not denied being in San Diego in March. (1 R.T. pp. 104-105.)

In response to cross-examination, petitioner admitted, first that she had been in San Diego in March, and then, over defense counsel's objection, that she entered the Macy's in Chula Vista on March 10 and took four or five suits worth $1200, concealing them in her girdle as she did on May 20. (1 R.T. pp. 107-109.)

Following presentation of the evidence, the prosecutor requested the court to instruct the jury that evidence of other crimes committed by petitioner could be considered for the purpose of determining the existence of intent to permanently deprive Macy's of its property. (1 R.T. pp. 141-142.) Over defense counsel's objection that the incident had no evidentiary value on the issue of intent, the trial court agreed and gave the requested instruction. (1 C.T. p. 33, 1 R.T. p. 142.)

**B.** **The Trial Court Erred In Admitting The Uncharged Prior Conduct To Impeach Because Petitioner Testified That She Had Previously Shoplifted At Macy's And That She Was In San Diego In March.**

The truth-in-evidence provisions of Proposition Eight (Calif. Const., art. I, § 28, subd. (d)) make all relevant evidence, with specified exceptions, admissible in a criminal action. (*People v. Wheeler* (1992) 4 Cal.4th 284, 291-292.) However, Evidence Code section 350 provides that no evidence is admissible unless it is relevant. Moreover, the due process clause of the Fourteenth Amendment demands that all inferences to be drawn from evidence be based upon a rational connection between the fact proved and the fact inferred. (*Ulster County Court v. Allen* (1979) 442 U.S. 140, 157; *Barnes v. United States* (1973) 412 U.S. 837, 844-845; cf.

5

*People v. Castro* (1985) 38 Cal.3d 301, 313.)  Thus, there is no discretion vested in the court to admit irrelevant evidence.  (*People v. Babbitt* (1988) 45 Cal.3d 660, 681.)

The uncharged shoplifting incident of March 10 was not relevant to impeach petitioner's credibility, either in general or on the grounds asserted by the trial court.  Relevant evidence is "evidence having any tendency in reason to prove or disprove any *disputed* fact that is of consequence to the determination of the action."  (Evid. Code, § 210, emphasis added.)  In this case, the prosecutor might have wanted petitioner's uncharged prior conduct on March 10 admitted to demonstrate that, as a person who had previously committed a theft-like act, her credibility was suspect.  (*People v. Wheeler, supra,* 4 Cal.4th at p. 295 ["There is ... some basis ... for inferring that a person who has committed a crime which involves moral turpitude... is more likely to be dishonest than a witness about whom no such thing is known."])  However, petitioner had already testified that she had shoplifted at Macy's before, both on direct and on cross-examination.  (1 R.T. pp. 83, 95-97.)  The fact that petitioner had committed theft-like acts was thus already established for the jurors to make what inferences they would.  It is common sense that once one party admits to a fact asserted by the other, that fact is no longer disputed, and evidence offered to prove it has no relevance to the matter being tried.

The trial court ruled that the prosecutor could use the March 10 incident to impeach petitioner specifically on her assertion that she had returned to the San Diego area from Chicago approximately a week and a half prior to her arrest on May 20.  (1 R.T. pp. 104-



105.)  Prior conduct is admissible to impeach under Evidence Code section 780 if it is relevant to prove the non-existence of a testified fact.  (*People v. Reyes* (1976) 62 Cal.App.3d 53, 61.)  However, as defense counsel pointed out, petitioner never denied having been in the San Diego area on March 10, and when asked on cross-examination, she promptly admitted to it.  (1 R.T. pp. 104-105, 107.)  Clearly, at that point, the shoplifting incident was no longer relevant to establish the undisputed fact of petitioner's presence in San Diego in March.  Nonetheless, the trial court permitted the prosecutor to question petitioner about the incident in detail.  (1 R.T. pp. 107-109.)

Even when relevant to impeach, as this prior conduct was not, evidence of an uncharged offense must be subjected to judicial scrutiny to insure that its probative value outweighs the prejudice inherent in the likelihood that the jury may consider it as proof of the defendant's propensity to commit crimes.  (Evid. Code, § 352; *People v. Wheeler, supra,* 4 Cal.4[th] at p. 292 [section 352 is an exception enumerated in article I, section 28, subdivision (d) of the California Constitution].)  Misconduct involving "moral turpitude" may suggest a tendency to lie (*People v. Castro, supra,* 38 Cal.3d at pp. 314-315), and "this inference is not limited to conduct which resulted in a felony conviction."  (*People v. Wheeler, supra,* 4 Cal.4[th] at p. 296.)  However in *Wheeler,* which dealt with the admissibility of a misdemeanor conviction to impeach, the California Supreme Court stressed that:

> [A]dditional considerations may apply when evidence other than felony convictions is offered for

7

impeachment. In general, a misdemeanor—or any other conduct not amounting to a felony—is a less forceful indicator of immoral character or dishonesty than is a felony. Moreover, impeachment evidence other than felony convictions entails problems of proof, unfair surprise, and moral turpitude evaluation which felony convictions do not present. Hence, courts may and should consider with particular care whether the admission of such evidence might involve undue time, confusion, or prejudice which outweighs its probative value.

(*Id.* at pp. 296-297.) Here, where petitioner's alleged conduct on March 10 remained uncharged and unproved, and where petitioner admitted to shoplifting, but denied any intent to permanently deprive Macy's of its property, the probative force of the evidence was considerably lessened. However, the effect on the jury of hearing the details of a specific incident of shoplifting, at the same store and nearly identical to the offenses charged, could only be prejudicial to petitioner. (*People v. Alcala* (1984) 36 Cal.3d 604, 631.) Even given that petitioner had already admitted that she had tested Macy's security system before, the prejudice inherent in this specific prior offense evidence certainly outweighed its probative value, particularly given that it had no relevance to any issue actually in dispute.

**C.**    **The Trial Court Erred In Admitting The Uncharged March 10 Conduct To Prove Intent On May 20 Because There Was No Evidence Of Petitioner's Intent On March 10.**

Evidence Code section 1101 codifies the general rule in American jurisprudence prohibiting the use of evidence of a person's prior conduct to prove her conduct on a given occasion. With proper limiting instructions, prior conduct may be admitted where relevant to prove a fact other than propensity to commit a crime. (Evid. Code, § 1101, subd. (b).) As noted in subsection C, *ante,* the due process clause of the Fourteenth Amendment requires that all inferences to be drawn from evidence be based upon a rational connection between the fact proved and the fact inferred. (*Ulster County Court v. Allen, supra,* 442 U.S. at p. 157; *Barnes v. United States, supra,* 412 U.S. at pp. 844-845; *People v. Roder* (1983) 33 Cal.3d 491, 497-498.)   Even if the alleged incident of March 10 was properly admitted to impeach, the trial court erred in permitting the jury to consider it as evidence of intent.

Petitioner's sole defense was that she did not intend on May 20 to permanently deprive Macy's of its property because she believed the corporation authorized her to remove the property pursuant to a ten-year-old employment contract. (1 R.T. pp. 184-187.) The trial court permitted the prosecutor to submit evidence of the March 10 incident to rebut this defense and prove the State's case by showing that petitioner had previously removed clothing from the store with an intent to permanently deprive Macy's of these

9

goods, and it was therefore reasonable to infer that she possessed the same intent on May 20. (1 C.T. p. 33, 1 R.T. pp. 141-142.)

As the courts have long recognized, this chain of reasoning, called the doctrine of chances, is logical because a person who behaves similarly in similar situations probably has the same intent in each case. "[T]he recurrence of a similar result... tends (increasingly with each instance) to negative accident or inadvertence or self-defense or good faith or other innocent mental state, and tends to establish... the presence of the normal, i.e., criminal, intent accompanying such an act." (*People v. Ewoldt* (1994) 7 Cal.4[th] 380, 402.)  However, by rote application of this general rule, the trial court fell into a logical fallacy. The court seemed to reason that evidence of a defendant's other offenses was deemed by precedent to be admissible to show intent; here the prosecutor offered such evidence to show intent; therefore, the evidence was admissible. But admission of other crimes evidence cannot be justified merely by asserting an admissible purpose. (*People v. Guerrero* (1976) 16 Cal.3d 719, 724.) The prosecutor must demonstrate that the particular evidence of the defendant's other alleged crimes is logically relevant to prove her intent *in this case.* (*People v. Thompson* (1980) 27 Cal.3d 303, 318 [emphasis added].)

In *People v. Thompson*, the prosecutor attempted to prove the defendant's intent to steal a murder victim's car by introducing evidence of a prior offense in which the defendant similarly demanded an automobile and left the scene with a set of his victim's car keys. The evidence that defendant drove off in the first victim's

car was introduced as proof of his intent to steal the second victim's car, though in fact he did not take the second car. But the California Supreme Court noted that the facts of the first event did not tend to prove intent to permanently deprive the second victim of her car because they did not reasonably show that the defendant intended to permanently deprive the first victim of his car. The defendant drove the first victim's car a short distance away and parked it, and the victim recovered it soon after. (*People v. Thompson, supra,* 27 Cal.3d at pp. 320-321.)

Similarly here, the incident of March 10 has no logical tendency to establish petitioner's intent or refute the defense theory of the case because petitioner was not contacted and made no statements to reveal her intent. The evidence was merely that petitioner walked into the dressing room with eight suits and came out with four, which she replaced on the rack before leaving the store. (1 C.T. pp. 7-8, 1 R.T. pp. 10-14, 103.) Such theft-like behavior with the intent to test Macy's security system is indistinguishable from the same behavior with intent to permanently deprive Macy's of its property. The jury could therefore only speculate as to petitioner's intent. "Speculative inferences that are derived from evidence cannot be deemed relevant to establish the speculatively inferred fact." (*People v. Babbitt, supra,* 45 Cal.3d at p. 681.)

The March 10 incident could serve to negate, as the California Supreme Court reasoned, a claim of "accident or inadvertence or self-defense or good faith." (*People v. Ewoldt, supra,* 7 Cal.4[th] at p. 402.) But it has no tendency in reason to demonstrate that petitioner

11

did not take the clothing in the belief that she had Macy's permission to do so under a long-term employment contract. Fifty such prior occurrences would not serve to prove criminal intent in the absence of other evidence. It is an "elementary principle of law that before a jury can be instructed that it may draw a particular inference, evidence must appear in the record which, if believed by the jury, will support the suggested inference." Further, to instruct upon an inference when there is no rational way the trier of fact could make the suggested connection undermines the federal due process requirement of proof of every element beyond a reasonable doubt. (*Ulster County Court v. Allen, supra,* 442 U.S. at p. 157.)

Even when relevant, as this prior conduct is not, evidence of an uncharged offense must be subjected to special scrutiny to insure that its probative value outweighs the prejudice inherent in the likelihood that the jury may consider it as proof of the defendant's propensity to commit crimes. (Evid. Code, § 352; *People v. Williams* (1988) 44 Cal.3d 883, 904.) Indeed, such prejudice is so likely that "uncharged offenses are admissible only if they have *substantive* probative value." (*People v. Thompson, supra,* 27 Cal.3d at p. 318; *People v. Hawkins* (2002) 98 Cal.App.4[th] 1428, 1445.) In *People v. Alcala,* the California Supreme Court cautioned, "because other-crimes evidence is *so inherently prejudicial,* its relevancy is to be examined with care. It is to be received with extreme caution, and all doubts about its connection to the crime charged must be resolved in the accused's favor." (*People v. Alcala, supra,* 36 Cal.3d at p. 631 [emphasis added].) Though the danger

was slightly reduced here, where petitioner had already testified that she had tested Macy's security system before, the prejudice inherent in the recital of a specific and recent incident of shoplifting nearly identical to the one charged certainly outweighed its nil probative value on the issue of intent.

**D.    The Violations Require Reversal Under The Federal *Chapman* Standard.**

The error in admitting irrelevant evidence of an uncharged offense violated petitioner's due process rights under the federal Constitution, as discussed above.  Federal constitutional error is subject to the harmless error analysis set forth by the United States Supreme Court.  (*Arizona v. Fulminante* (1991) 499 U.S. 279, 306-308; *Chapman v. California* (1967) 386 U.S. 18, 24.)  Such error requires reversal of the conviction unless the state can demonstrate that the error was harmless beyond a reasonable doubt. (*Rose v. Clark* (1986) 478 U.S. 570, 576-582.)

The use of character evidence, including previous criminal acts committed by the defendant, is universally acknowledged to be highly prejudicial, even inflammatory, due to the danger of its use as propensity evidence.  (*People v. Alcala, supra,* 36 Cal.3d at p. 631.)  "The use of 'other acts' evidence as character evidence is... contrary to firmly established principles of Anglo-American jurisprudence." (*McKinney v. Rees* (9th Cir., 1993) 993 F.2d 1378, 1380.)  The prohibition is based upon the common sense notion that it is fundamentally unfair to infer that because a person behaved badly on another occasion, he probably committed the crime he is currently charged with.  Further, should a jury draw such an inference, there is a danger that the person will be convicted even though the State did not meet its burden to prove him guilty of the

13

charged offense beyond a reasonable doubt.  As the U.S. Supreme Court stated, "[I]mproper grounds [for conviction] certainly include... generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or worse, as calling for preventive conviction even if he should happen to be innocent momentarily)." (*Old Chief v. United States* (1997) 519 U.S. 172, 180-181.)

However, even if analyzed under the *Watson* standard (*People v. Watson* (1956) 46 Cal.2d 818, 836; see also *People v. Felix* (1999) 70 Cal.App.4th 426, 432-433), evidence of the prior act of shoplifting created at least a reasonable probability that the jury convicted petitioner of the charged offenses in order to assure that she would be punished for the uncharged offenses, which had not been prosecuted.  (See *People v. Balcom* (1994) 7 Cal.4th 414, 427 [the prejudicial impact of the evidence is reduced if the uncharged offenses resulted in actual convictions and a prison term, ensuring that the jury would not convict the defendant simply to punish him for the other offenses, and that the jury's attention would not be diverted by having to make a separate determination whether defendant committed the other offenses].)   Further, it created the danger that, even though the jury found that petitioner genuinely believed that she was authorized to shoplift, it convicted her anyway to prevent future harm and loss to Macy's Corporation.   In spite of petitioner's earlier general testimony that she had shoplifted before, the detailed evidence of the specific act of shoplifting on March 10, carried out in an identical manner to the charged act, almost

14

certainly influenced the jury negatively.   The convictions must therefore be reversed and the case remanded.

## II.

**THIS COURT SHOULD GRANT REVIEW TO ASCERTAIN WHETHER THE COURT OF APPEAL ERRED IN DETERMINING THAT THE TRIAL COURT PROPERLY IMPOSED AGGRAVATED TERM FOR COUNT ONE BASED UPON FACTORS IN AGGRAVATION NOT FOUND BY THE JURY BEYOND A REASONABLE DOUBT.**

### A.    <u>Introduction.</u>

The court sentenced petitioner to the aggravated term of three years, doubled to six under the Three Strikes Law, for count one. The court cited petitioner's "substantial record" of convictions, and found no mitigating factors.   Defense counsel raised no objection under *Blakely v. Washington* (2004) 542 U.S. 296.  (2 R.T. p. 312.)

The court violated petitioner's Fifth, Sixth and Fourteenth Amendment rights by imposing the upper term without a jury finding, beyond a reasonable doubt, that any aggravating factors, beyond the bare fact of a prior conviction, were true. The sentence was impermissible because petitioner was deprived of her right to a jury trial as to these factors.   Although this Court has held otherwise in *People v. Black* (*supra,* 35 Cal.4[th] 1238), petitioner believes that the imposition of an aggravated sentence term should be subject to scrutiny under *Blakely v. Washington* (*supra,* 542 U.S. 296), and that the factors used to impose it must be found by a jury, admitted, or based upon a prior conviction.

## B.    Application to California's Determinate Sentencing Law.

California statutes, court rules, and case law unequivocally provide that *unless there is a finding of at least one aggravating circumstance, a court cannot impose the upper-term*: When a judgment of imprisonment is to be imposed, *the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime.* (Penal Code section 1170 (b), emphasis added; see also, California Rules of Court, rule 4.420[1]; cf., e.g., *People v. Piceno* (1987) 195 Cal.App.3d 1353, 1360.) As with the standard range in *Blakely*, the mid-term is the presumptive sentence. And, as with the exceptional sentence in *Blakely*, a California court lacks statutory authority to impose an upper term

---

[1]   Rule 4.420 of the California Rules of Court provides in pertinent part:

(a) . . . The middle term shall be selected unless imposition of the upper or lower term is justified by circumstances in aggravation or mitigation.

(b) Circumstances in aggravation shall be established by a preponderance of the evidence. Selection of the upper term is justified only if, after a consideration of all the relevant facts, the circumstances in aggravation outweigh the circumstances in mitigation. The relevant facts are included in the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any further evidence introduced at the sentencing hearing...

(d) A fact that is an element of the crime shall not be used to impose the upper term.

16

unless it finds aggravating circumstances beyond the elements inherent in the offense itself. (Cal. Rules of Court, rule 4.420(d).)

The factors set forth in Penal Code section 1170 and rule 4.420 clearly violate the *Apprendi* mandate as described in *Blakely*. (*Apprendi v. New Jersey* (2000) 530 U.S. 466.) The term of imprisonment that may be imposed based solely on the jury's verdict is the *middle* term. The court may not impose the upper term unless it finds that there are additional aggravating factors, and under *Apprendi* and *Blakely*, those factors cannot be relied upon unless the jury has found them to be true beyond a reasonable doubt. However, under rule 4.420, subd.(d), the court is prohibited from relying on elements of the crime as factors in aggravation. Thus, the aggravating circumstances authorizing an upper term are necessarily facts beyond those determined by the jury's verdict and enhancement findings (unless the court elects to strike an enhancement and instead use the enhancing facts to impose the upper term). (See rule 4.420, subd. (c).)

Thus in all pertinent respects, California's sentencing scheme suffers from the same defects as the Washington scheme that the Supreme Court struck down. In California, as in Washington, the trial court violates a defendant's Sixth Amendment rights when it imposes an aggravated sentence based on facts not found by a jury to be true beyond a reasonable doubt.

## C.    Petitioner Was Deprived of Her Sixth Amendment Right.

In petitioner's case, the trial court cited her "substantial record of convictions" as the only factor upon the aggravated sentence was based. (2 R.T. p. 312.) However, the factors permitted under

California Rules of Court, rule 4.421 that relate to recidivism include only the following:

> The defendant's prior convictions as an adult or adjudications of commission of crimes as a juvenile are numerous or of increasing seriousness. (Cal. Rules of Court, rule 4.421(b)(2).)

> The defendant has served a prior prison term. (Cal. Rules of Court, rule 4.421(b)(3).)

> The defendant was on probation or parole when the crime was committed. (Cal. Rules of Court, rule 4.421(b)(4).)

> The defendant's prior performance on probation or parole was unsatisfactory. (Cal. Rules of Court, rule 4.421(b)(5).)

All of these factors require a factual finding beyond the mere fact of a prior conviction. Although the court could properly find that petitioner had suffered a prior conviction (*Apprendi, supra,* 530 U.S. at p. 490; *United States v. Almendarez-Torres* (1998) 523 U.S. 224), it could not make the further finding that petitioner's prior convictions are of increasing seriousness, included a prison term, resulted in parole or probation encompassing the current offense, or that petitioner's performance on parole or probation was unsatisfactory. *Blakely* and *Apprendi* interpreted the *Almendarez-Torres* exception to the Sixth Amendment very narrowly. *Blakely* has made clear than *any* fact, except that a prior conviction presumably obtained itself by jury verdict or by guilty plea, must be found by a jury if it increases punishment. The *Blakely* case is stated in absolutes:

> The constitutionally required procedure is: Whether the judge's authority to impose an enhanced sentence depends on finding a specified fact (as in *Apprendi*), one of several specified facts (as in *Ring*), or *any* aggravating fact (as here), it remains the case that the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact. Nor does it matter that the judge must, after finding aggravating facts, make a judgment that they present a compelling ground for departure. He cannot make that judgment without finding some facts to support it beyond the bare elements of the offense. Whether the judicially determined facts require a sentence enhancement or merely allow it, the verdict alone does not authorize the sentence.

(*Blakely, supra,* 542 U.S. at p. ___ [125 S.Ct. at p. 2538].) Further, the *Blakely* opinion refers back to the holding in *Apprendi*. In *Apprendi*, the Court noted that the issue of prior convictions in *Almendarez-Torres* was not before it. The majority opinion also stated that "*Almendarez-Torres* [citation omitted] represents *at best* an exceptional departure from the historic practice [of trial by jury] that we have described." (*Apprendi, supra,* 530 U.S. at p. 487, emphasis added.)

It is clear that the exception for prior convictions is to be narrowly construed. Whether or not a defendant's prior convictions demonstrate a pattern of increasingly serious crimes is a subjective analysis that must be undertaken by the jury. Reasonable persons could differ, for example, as to whether petitioner's prior convictions are numerous, and as to whether they indicate that petitioner's offenses are of increasing seriousness. Thus it is

necessary for a jury to make that determination under the reasonable doubt standard.

**D.    The Judgment Should Be Reversed.**

Deprivation of the right to a jury trial is structural error requiring reversal without regard to prejudice. The wrong entity, the judge rather than the judge, has adjudicated the aggravating factor *and* has applied the wrong standard of proof. A reviewing court can only engage in pure speculation -- its view of what a reasonable jury would have done, which does not satisfy the Sixth Amendment. (*Sullivan v Louisana* (1993) 508 U.S. 275, 281.)

Petitioner acknowledges that this Court has interpreted *Apprendi* error under the standard in *Chapman v. California* ((1967) 386 U.S. 18). (See *People v. Sengpadychith* (2001) 26 Cal.4th 316, 324.) Even if the error is analogized to the failure to submit an element to the jury for decision (that is, the failure to instruct on an element) rather than structural error, it still requires reversal here.

In context of instructional error affecting the elements of offenses and enhancements, the United States Supreme Court's cases actually demand a rigorous form of *Chapman* analysis, focusing on what facts the jurors necessarily found in rendering their verdict. In particular, *Neder v. United States*, which applied harmless error review of omission of an element, made clear that the error cannot be found harmless if the omitted element is susceptible to dispute. (*Neder v. United States* (1999) 527 U.S. 1, 19.)

Here the factors relied upon by the trial court *are* susceptible to dispute. Reasonable minds could disagree as to whether petitioner's prior convictions are numerous or of increasing

seriousness, or whether records from the California Department of Corrections are sufficient to prove that petitioner spent time in prison, etc. At the very least, as the error in this case consists of the denial of petitioner's right to jury trial, it mandates reversal unless the State proves it harmless beyond a reasonable doubt. (*Chapman v. California, supra*, 386 U.S. at p. 24.)

## CONCLUSION

The trial court violated petitioner's rights to due process by admitting uncharged offense evidence not relevant to any proper purpose, and by imposing the aggravated sentence based upon factors not found by the jury. Petitioner respectfully requests this Court to grant review.

Respectfully submitted,

Lise M. Breakey
Attorney for Petitioner
Kimberly L. Griggs.

**APPENDIX A**

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

FILED
Stephen M Kelly Clerk
AUG 09 2006
Court of Appeal Fourth District

|  |  |
|---|---|
| THE PEOPLE, | D047418 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS193583) |
| KIMBERLY L. GRIGGS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Rafael A. Arreola, Judge. Affirmed.

A jury convicted defendant Kimberly Griggs of one count of burglary (Pen. Code, § 459)[1] and one count of grand theft (§ 487, subd. (a)). In a bifurcated proceeding, Griggs admitted the allegations that she had suffered a prior prison term (§ 667.5, subd. (b)) and had previously been convicted of a prior strike (§ 667, subds. (b)-(i)). The court denied Griggs probation under section 1203, subdivision (e)(4), sentenced her to a term

---

[1]    All further statutory references are to the Penal Code.

of six years for the burglary conviction, and stayed the sentence on the grand theft

conviction under section 654.

Griggs contends the court's erroneous admission of evidence of an uncharged prior

theft mandates reversal.[2]

## FACTUAL BACKGROUND

### A. Prosecution Case

On May 20, 2005, Macy's security agents apprehended Griggs when she left the

store carrying merchandise for which she had not paid.  While in their custody awaiting

police, Griggs stated, "This is the Macy's way of shopping.  I'm a secret shopper, and you

guys pay me to shoplift."  However, when police transported her to jail, she stated she

was unemployed, and did not mention her secret employment with Macy's.

### B. Defense Case

Griggs testified she was employed by Macy's corporate headquarters in New York

as a "secret shopper" and tested loss prevention systems at Macy's stores by shoplifting

from the stores.  Her compensation is derived from selling the shoplifted items to

"clients" and paying 70 percent of the proceeds to Macy's while keeping the balance.  Her

employment is covert and she was "not able to disclose" the name of her New York

corporate supervisor nor how she reported her activities to her supervisor.  She has taken

---

[2]    Griggs also asserts on appeal that it was error to impose the upper term for the
burglary conviction under *Blakely v. Washington* (2004) 542 U.S. 296.  However, Griggs
concedes this contention has been resolved adversely to her by *People v. Black* (2005) 35
Cal.4th 1238, and raises the argument to preserve the claim for federal review.

"around $10 million" worth of merchandise from Macy's over her 10 years of secret shopping, but never took property without Macy's permission. She claimed her May 20 theft occurred in her capacity as a secret shopper and she believed she had Macy's permission to take the items.

C. Prosecution Rebuttal

Macy's regional director of loss prevention, Mr. Kesner, testified Macy's had used "secret shoppers" only to test customer service, and the program had been discontinued two years earlier. Macy's had never hired agents to test loss prevention, and no one had contacted Kesner to identify Griggs as an employee.

ANALYSIS

A. Admission of the Uncharged Conduct Was Harmless

Griggs asserts the trial court prejudicially erred by permitting the prosecutor to question Griggs about her March 2005 uncharged theft of merchandise from the Chula Vista Macy's. The court overruled Griggs' objection because the March 2005 theft was relevant to her credibility.[3] The court subsequently instructed the jury that the uncharged

---

[3]     Griggs had testified on direct and cross-examination that she had no San Diego address because she had "just returned from Chicago" from another secret shopper "mission" and had only been in San Diego for about two weeks. The defense argued that she had not denied being in town during March, but the court stated the implication he had drawn from her testimony was that she had only been in San Diego for a week or two, and therefore the March theft would constitute impeachment. When the prosecutor subsequently asked her about the March theft, she admitted she was in San Diego during March 2005.

3

offenses could be considered in assessing Griggs's credibility and determining whether she had the requisite intent, but could not be considered for any other purpose.

We conclude that, even assuming the prosecutor should not have been permitted to elicit further details about the March 2005 theft,[4] the evidence was harmless by any measure. Even before the prosecutor asked about the March 2005 incident, Griggs admitted (during both direct and cross-examination) she had repeatedly taken merchandise from numerous Macy's across the country, she had taken property from the Chula Vista Macy's, and the goods she had taken over her career exceeded $10 million in value. The fact the prosecutor was allowed to briefly[5] ask about one of those incidents did nothing to diminish her defense that she was innocent of the charged offense because the May theft, like every other incident (including the March 2005 incident), was authorized by Macy's.

Griggs argues she was prejudiced because, even if the jury accepted her belief she was authorized to take merchandise on May 20, 2005, it is reasonably probable (*People v. Watson* (1956) 46 Cal.2d 818, 836) the prosecutor's questions about a prior incident would lead the jury to "[convict] her anyway to prevent future harm and loss to Macy's."

---

4    We doubt that allowing cross-examination was error in the first instance, because Griggs opened the door to cross-examination about her prior incursions into Macy's by testifying at length to her secret shopper activities. (See, e.g., *People v. Gutierrez* (2002) 28 Cal.4th 1083, 1147; *People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 72.) However, we need not decide that issue because we conclude admission of the evidence was harmless.

5    The prosecutor asked fewer than a dozen questions about the March 2005 incident.

However, Griggs had already admitted she had taken millions of dollars worth of

merchandise from Macy's during the preceding 10 years, providing the jury with ample

retributive or preventive impetus.  We are unconvinced that allowing the prosecutor to

ask about just one of those prior thefts added to the jury's decision.

DISPOSITION

The judgment is affirmed.

_McDonald_

McDONALD, J.

WE CONCUR:

_Huffman_

HUFFMAN, Acting P. J.

_Irion_

IRION, J.



## **CERTIFICATION**

I, Lise Breakey, certify that, based upon the word count of the computer program used to prepare this document, there are 5,274 words in this petition, excluding the tables and the case caption. (Cal. Rules of Court, rule 33(b)(1).)

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct. Executed at San Diego, California.

Dated: September 12, 2006

Lise Breakey.

23

Law Office of Lise M. Breakey

5750 Amaya Drive No. 8
La Mesa, CA 91942

People v. Griggs

Case No. D047418

## DECLARATION OF SERVICE

I, Lise M. Breakey, say: I am over 18 years of age, employed in the County of San Diego, California, in which county the within-mentioned delivery occurred, and not a party to the subject cause. My business address is 5750 Amaya Drive, No. 8, La Mesa, CA 91942. I served the petition for review, of which a true and correct copy of the document filed in the cause is affixed, by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Fourth District Court of Appeal, Division One, 750 B Street, Ste. 300, San Diego, CA 92101-8189.

Office of the Attorney General; 110 West A Street, Suite 1100; PO Box 85266; San Diego, CA 92186-5266.

Appellate Defenders, Inc.; 555 West Beech Street, Suite 300; San Diego, CA 92101.

Clerk of the Superior Court, for delivery to Hon. Rafael A. Arriola, 500 Third Avenue, Chula Vista, CA 91910.

Office of the District Attorney, 101 W. Broadway # 1440, San Diego, CA 92101.

Kimberly Griggs W88708, B-1073-L, 16756 Chino Corona Road, Corona, CA 92880

Each envelope was then sealed and with the postage thereon fully prepaid deposited in the United States mail by me at La Mesa, California, on September 12, 2006.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on September 12, 2006, at La Mesa, California.

*Lise Breakey*

Lise M. Breakey.

24

FILED
CLERK, U.S. DISTRICT COURT

OCT 15 2007

CENTRAL DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| **KIMBERLY LORRAINE GRIGGS** PLAINTIFF(S) | **CV07- 6659 CJC (JCR)** |
| V. | |
| **WARDEN DAWN S. DAVISON** DEFENDANT(S) | **NOTICE OF REFERENCE TO A UNITED STATES MAGISTRATE JUDGE** (Petition for Writ of Habeas Corpus) |

Pursuant to General Order 07-02, the within action has been assigned to the calendar of the Honorable Cormac J. Carney , U.S. District Judge.  Pursuant to General Order 05-07, the within action is referred to U.S. Magistrate Judge John Charles Jr. Rayburn, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary.  Thereafter, unless the Magistrate Judge determines that an evidentiary hearing is required, the Magistrate Judge shall prepare a report and recommendation and file it with the Clerk of the Court which may include proposed findings of fact and conclusions of law where necessary or appropriate, and may include a proposed written order or judgment, which shall be mailed to the parties for objections.

Pleadings and all other matters to be called to the Magistrate Judge's attention shall be formally submitted through the Clerk of the Court.

The Court must be notified within fifteen (15) days of any address change.  If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the petition with or without prejudice for want of prosecution.

Clerk, U.S. District Court

| October 15, 2007 | By | LRAYFORD |
|---|---|---|
| Date | | Deputy Clerk |

DOCKETED ON CM

OCT 22 2007

BY                    186

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

1
2
3
4
5
6
7
8

BY _____ FILED _____ DEPUTY

OCT 25 2007

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

9  | KIMBERLY LORRAINE GRIGGS,                | ) Case No. CV 07-6659-CJC (JCR)
10 |                     Petitioner,          | )
11 |         v.                               | ) **ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
12 | DAWN S. DAVISON, Warden                  | )
13 |                     Respondent.          | )

14
15    On October 15, 2007, Kimberly Lorraine Griggs ("Petitioner") filed a Petition for Writ of
16  Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in this
17  Court.
18    A petition for writ of habeas corpus under 28 U.S.C. § 2254 may be filed in either the
19  district in which the petitioner is in custody or the district in which the petitioner was convicted
20  and sentenced. 28 U.S.C. § 2241(d) (2006). The district court of each such district has
21  concurrent jurisdiction to entertain the petition. *Id.* Petitioner is presently confined at the
22  California Institute for Women in Corona, California, which is located in Riverside County and
23  within the Central District of California. *See* 28 U.S.C. § 84(c) (1992). The face of the Petition
24  and state court records[1] establish that Petitioner was convicted and sentenced in the Superior

25

26    [1] The Court takes judicial notice of the state appellate court records for Petitioner's case,
27  which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v.*
    *Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (stating that federal courts may take judicial notice of
28  relevant state court records in federal habeas proceedings).

1

DOCKETED ON CM
OCT 29 2007
BY _____ 3    045

1  Court of California, County of San Diego, which is located within the Southern District of

2  California. *See id.* § 84(d). Accordingly, jurisdiction exists in both the Central and Southern

3  Districts of California.

4        When a habeas petitioner is challenging his or her underlying conviction or sentence, as is

5  the case here, the district court for the judicial district in which the petitioner was convicted and

6  sentenced is a more convenient forum because of the accessibility of evidence, records, and

7  witnesses. Thus, it generally is the practice of the district courts in California to transfer habeas

8  actions questioning state convictions and/or sentences to the district in which the petitioner was

9  convicted and sentenced. Although two districts have jurisdiction to entertain the instant

10  Petition, any and all evidence, records, and witnesses necessary for the resolution of Petitioner's

11  contentions are more readily available in San Diego County. *See Laue v. Nelson*, 279 F. Supp.

12  265, 266 (N.D. Cal. 1968). Therefore, in furtherance of the interest of justice,

13        **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States

14  District Court for the Southern District of California. *See* 28 U.S.C. § 2241(d).

15        **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order

16  upon Petitioner and upon the California Attorney General.

17

18  DATED:  *October 24, 2007*

19

20                              CORMAC J. CARNEY

21                              UNITED STATES DISTRICT JUDGE

22  Presented by:

23

24  John C. Rayburn, Jr.

25  United States Magistrate Judge

26

27

28

                            2



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

Monday, October 15, 2007

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

KIMBERLY LORRAINE GRIGGS
W88708
16756 CHINO CORONA ROAD
CORONA, CA 92880-9508

Dear Sir/Madam:

Your petition has been filed and assigned civil case number      CV07- 6659 CJC (JCR)

Upon the submission of your petition, it was noted that the following discrepencies exist:

[X] 1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank
check, business or corporate check, government issued check, or money order drawn on a major
American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If
you are unable to pay the entire filing fee at this time, you must sign and complete this
court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its
entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover,
American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at
all payment windows where receipts are issued.

[ ] 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

[ ] (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its
entirety.

[ ] (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized
officer at the prison.

[ ] (d) You did not use the correct form.  You must submit this court's current Declaration in
Support of Request to Proceed in Forma Pauperis.

[ ] (e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in
Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court

LRAYFORD

By: _____

Deputy Clerk

CV-111 (07/06)          **NOTICE re: DISCREPENCIES FOR FILING OF HABEAS CORPUS PETITION**



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

Monday, October 15, 2007

**KIMBERLY LORRAINE GRIGGS**
**W88708**
**16756 CHINO CORONA ROAD**
**CORONA, CA 92880-9508**

Dear Sir/Madam:

A ☒ Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
CV07- 6659 CJC (JCR)

A ☐ Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
number _____ and also assigned the civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

☐ District Court Judge _____

☒ Magistrate Judge _____**John Charles Jr. Rayburn**_____

at the following address:

☐ U.S. District Court
312 N. Spring Street
Civil Section, Room G-8
Los Angeles, CA  90012

☐ Ronald Reagan Federal
Building and U.S. Courthouse
411 West Fourth St., Suite 1053
Santa Ana, CA  92701-4516
(714) 338-4750

☒ U.S. District Court
3470 Twelfth Street
Room 134
Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

Clerk, U.S. District Court

LRAYFORD
By: _____

Deputy Clerk

CV-17 (01/01)       **LETTER re FILING H/C PETITION or 28/2255 MOTION**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| | |
|---|---|
| **I (a) PLAINTIFFS** | **DEFENDANTS** |
| **Kimberly Lorraine Griggs** | **Dawn S. Davison** |

FILED

2008 MAR 14  PM 12: 59

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _RM_ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Riverside
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Kimberly Lorraine Griggs**
**16756 Chino Corona Road**
**Corona, CA 92880**
**W-88708**

ATTORNEYS (IF KNOWN)

## '08 CV 0477 JAH NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☐ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☒ 5 Transferred from another district (specify) CENTRAL CA   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE   Docket Number

| DATE | March 14, 2008 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|---|