1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KYLE NIKI SHAFFER
   Deputy Attorney General
5  KEVIN VIENNA, State Bar No. 186751
   Supervising Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2198
    Fax: (619) 645-2191
9   Email: Kevin.Vienna@doj.ca.gov

10 Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KIMBERLY LORRAINE GRIGGS,** | 08cv0477-JAH (NLS) |
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER** |
| v. | |
| **JAMES E. TILTON, Secretary,** | The Honorable Nita L. Stormes |
| Respondent. | |

**INTRODUCTION**

Petitioner Kimberly Griggs is currently serving a six-year term of imprisonment following her conviction for burglary and sentence as a Three-Strikes recidivist to the upper term of six years.

Griggs challenges her sentence, contending that she was denied the right to a jury trial on any facts that increased her sentence above the presumptive middle term. Her claim must fail, however, because her upper-term sentence was based on her prior history of convictions, and no jury-trial right applies to such findings.

**STATEMENT OF FACTS**

The California Court of Appeal described proof of Griggs crimes as follows:

A. <u>Prosecution Case</u>

On May 20, 2005, Macy's security agents apprehended Griggs when she left the store carrying merchandise for which she had not paid. While in their custody awaiting police, Griggs stated, "This is the Macy's way of shopping. I'm a secret shopper, and you guys pay me to shoplift." However, when police transported her to jail, she stated she was unemployed, and did not mention her secret employment with Macy's.

B. <u>Defense Case</u>

Griggs testified she was employed by Macy's corporate headquarters in New York as a "secret shopper" and tested loss prevention systems at Macy's stores by shoplifting from the stores. Her compensation is derived from selling the shoplifted items to "clients" and paying 70 percent of the proceeds to Macy's while keeping the balance. Her employment is covert and she was "not able to disclose" the name of her New York corporate supervisor nor how she reported her activities to her supervisor. She has taken "around $10 million" worth of merchandise from Macy's over her 10 years of secret shopping, but never took property without Macy's permission. She claimed her May 20 theft occurred in her capacity as a secret shopper and she believed she had Macy's permission to take the items.

C. <u>Prosecution Rebuttal</u>

Macy's regional director of loss prevention, Mr. Kesner, testified Macy's had used "secret shoppers" only to test customer service, and the program had been discontinued two years earlier. Macy's had never hired agents to test loss prevention, and no one had contacted Kesner to identify Griggs as an employee.

*People v. Griggs*, 2006 WL 2279175, 1 (Cal. App. 4 Dist. 2006). (Lodgment 6 at 2-3.)

**STATEMENT OF THE CASE**

The court of appeal summarized the results of trial as follows:

A jury convicted defendant Kimberly Griggs of one count of burglary (Pen.Code, § 459) and one count of grand theft (§ 487, subd. (a)). In a bifurcated proceeding, Griggs admitted the allegations that she had suffered a prior prison term (§ 667.5, subd.(b)) and had previously been convicted of a prior strike (§ 667, subds.(b)-(i)). The court denied Griggs probation under section 1203, subdivision (e)(4), sentenced her to a term of six years for the burglary conviction, and stayed the sentence on the grand theft conviction under section 654.

(Lodgment 6 at 1.)

Griggs appealed, raising two issues in her opening brief: (1) that the trial court erred in admitting evidence of a prior uncharged act of shoplifting; and (2) that the imposition of the upper term punishment based only on findings by the trial court denied her right to jury trial. (Lodgment

08cv0477

2

3.)

The court of appeal denied both claims and affirmed the judgment. (Lodgment 6.) On the claim regarding the right to jury trial, the court based its decision on *People v. Black*, 35 Cal. 4th 1238, 113 P.3d 534, 29 Cal. Rptr. 3d 740 (2005) (*Black I*), which subsequently was overruled in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007); *see also People v. Black*, 41 Cal. 4th 799, 825, 161 P.3d 1130, 62 Cal. Rptr. 3d 569 (2007) (implementing the decision in *Cunningham*) (*Black II*).

Griggs filed a petition for discretionary review in the California Supreme Court, raising the same two issues. (Lodgment 7.) That court denied further review in a brief order issued on October 16, 2006, but noted that the denial was "without prejudice to any relief" to which she might be entitled following decision by the United States Supreme Court in "*Cunningham v. California* . . . ." (Lodgment 8.) There is no indication that Griggs continued direct appeal by seeking certiorari in the United States Supreme Court. (Pet. at 4.)

After the decision in *Cunningham*, on January 22, 2007, Griggs returned to the state courts. On July 30, 2007, Griggs constructively filed a habeas corpus petition in the superior court, again raising the claim regarding a right to jury trial on the upper term. (Pet. at 4; Lodgment 9 (order denying petition).) That court denied the petition on September 25, 2007, because the decision in *Cunningham* could not apply retroactively to Grigg's claim. (Lodgment 9 at 2.)

It does not appear that Griggs sought further collateral review in the state courts. (Pet at 4-5.) Instead, on October 3, 2007, she signed the Petition now before the Court.

**BURDEN OF PROOF**

Under the Antiterrorism and Effective Death Penalty Act of 1996 and the provisions of 28 U.S.C. § 2254(d) and (e), this Court must evaluate a habeas corpus petition differently than a more typical civil action. *See Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004) (summarizing the statutory limitations on habeas relief). This Court is bound by the deferential-review principles of the AEDPA: "[D]eference to state court determinations must follow an adjudication on the merits." *Id.* at 965. The AEDPA contains the elements that a habeas petitioner must prove by a preponderance of the evidence, but it is not an appellate standard of review. *See id.* at 964-65.

When a petitioner does not challenge a state court's determination of the evidence, he may receive habeas relief "only if" he establishes that the state-court decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Price v. Vincent*, 538 U.S. 634, 642-43 & n.2, 123 S. Ct. 1848, 155 L. Ed. 2d 877 (2003) (comparing and contrasting decisions from other state and federal courts to demonstrate that a particular state court's decision was objectively reasonable). In determining what constitutes "clearly established federal law" for purposes of § 2254(d)(1), only Supreme Court holdings from the time the state court rendered its decision are controlling, but not dicta and not circuit court authority. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653-54, 166 L. Ed. 2d 482 (2006); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). And only some Supreme Court holdings are relevant because holdings that do not bind the state courts, such as an application of the Supreme Court's supervisory power, are "off the table" for AEDPA purposes. *Early v. Packer*, 537 U.S. 3, 10, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

By contrast, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76-78, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005) (reversing the Sixth Circuit's determination that there was insufficient evidence to support a murder conviction under Ohio law). So long as a state court's application of state law was not novel or an unforeseeable expansion of prior decisions, a petitioner may not receive federal relief for issues of state law. *See id.* at 76-77 (distinguishing *Bouie v. City of Columbia*, 378 U.S. 347, 352, 84 S. Ct. 1697, 12 L. Ed. 2d 894 (1964)). A state court's resolution of a federal issue by applying state law, moreover, does not suggest any reason to grant federal relief. *Early v. Packer*, 537 U.S. at 8.

Reasonable factual determinations by state courts, including state appellate courts, must be accepted by this Court. *Schriro v. Landrigan*, __ U.S. ___, 127 S. Ct. 1933, 1939-40, 167 L. Ed. 2d 836 (2007) (applying 28 U.S.C. § 2254(d)(2)); *Sumner v. Mata*, 449 U.S. 539, 546-48, 101 S. Ct. 764, 66 L. Ed. 2d 722 (1981) (regarding factual findings from an appellate court). Findings of historical fact, including inferences properly drawn from such facts, are entitled to the statutory presumption of correctness now contained in 28 U.S.C. § 2254(e)(1). *Schriro*, 127 S. Ct. at 1939-

1  40; *see Parke v. Raley*, 506 U.S. 20, 35-36, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992); *Marshall v.*
2  *Lonberger*, 459 U.S. 422, 434-35, 103 S. Ct. 843, 74 L. Ed. 2d 646 (1983) (federal courts may not
3  disturb implicit credibility determinations that are necessary to support a state-court ruling).
4  When applying the AEDPA standard, a federal court relies on the "last reasoned decision
5  by a state court." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

**ARGUMENT**

**I.**

**GRIGGS WAS NOT DENIED THE RIGHT TO A JURY TRIAL ON A SENTENCE ENHANCEMENT BECAUSE THAT RIGHT DOES NOT APPLY TO PRIOR CONVICTIONS**

In her sole ground for relief, Griggs contends that the state court erred in the imposition of the upper term because no jury ever found the facts necessary to increase her sentence beyond the presumptive middle term. She relies for support on the decisions of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Cunningham v. California*, 549 U.S. 270. (Pet. at 5.)

This claim must fail because those decisions and others related thereto have excepted from the requirement for jury fact finding those enhancements based on prior convictions. So, because the basis for the imposition of the upper term for Griggs was based on her prior convictions, her claim must fail.

**A.  Background**

At sentencing, the defense asked the trial court to consider dismissing Grigg's prior strike conviction. (Lodgment 2 (Reporter's Transcript (RT) at 312.)

The trial court denied that request, but decided, alternatively, to disregard for sentencing Grigg's prior prison term. (RT 312.) The court selected the upper term of three years for the burglary because the probation report disclosed that Griggs had a "substantial record of [prior] convictions" which had been manifest through a "long history . . . ." (RT 312.)

The probation report is not included in the Clerk's Transcript. (*See* Lodgment 1.) However, Griggs did not object to the trial court's characterization of her criminal history. Moreover, there are references in the record that demonstrate the nature of that criminal history. The

1  information listed multiple convictions from cases in 1993, 1996, and 2001, which included a
2  "strike" conviction for robbery in 2001. (Lodgment 1 (Clerk's Transcript (CT) at 2, 3.)  Griggs
3  waived her right to jury trial on the prior convictions and admitted that the allegations were true.
4  (CT 88.)

5        In addition, the prosecutor submitted a sentencing memorandum that explained, inter alia,
6  that Grigg's criminal history extended back thirty years, during which time she "suffered a steady
7  stream of criminal convictions" (CT 67), she had been convicted for crimes of violence (CT 68), and
8  she had been repeatedly on and off probation and parole. (CT 68.)

9        The three-year upper term was doubled for a total of six years, because Griggs was
10 sentenced as a Three-Strikes recidivist. (RT 312; CT 71.)

11       Griggs appealed the imposition of the upper term, basing the claim on the decision of the
12 United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.
13 2d 403 (2004). (Lodgment 3 at 18.) As noted, above, this claim was denied based on then-existing
14 state precedent in *Black I*. (Lodgment 6.)

15       Griggs's petition for review in the California Supreme Court was denied, with recognition
16 that the basis of the decision in *Black I* was before the United States Supreme Court in *Cunningham*.
17 The denial occurred on October 20, 2006, so the conviction was final ninety days later, on January
18 18, 2007. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). The United States Supreme
19 Court issued its decision in *Cunningham v. California* on January 22, 2007, just a few days later.

20 **B.   Discussion**

21       The trial court imposed the upper-sentence based on Griggs's prior convictions. The state
22 court of appeal rejected her claim that a jury trial was required as a condition precedent. These
23 decisions were and continue to be consistent with clearly established precedent from the United
24 States Supreme Court. That Court has consistently held that prior convictions remain an exception
25 to any requirement for jury fact finding. *Cunningham*, 127 S. Ct. 864, 868; *Blakely*, 542 U.S. at 401;
26 *Apprendi*, 530 U.S. at 490; *Almendarez-Torres v. United States*, 523 U.S. 224, 244, 118 S. Ct. 1219,
27 140 L. Ed. 2d 350 (1998).

28       Accordingly, habeas corpus relief must be denied. 28 U.S.C. § 2254(d).

**CONCLUSION**

For the foregoing reasons, Respondent respectfully requests that the Court deny the claim in ground one on the merits, dismiss the Petition with prejudice, and deny any subsequent request for a certificate of appealability.

Dated: June 12, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KYLE NIKI SHAFFER
Deputy Attorney General


  s/Kevin Vienna
KEVIN VIENNA
Supervising Deputy Attorney General
Attorneys for Respondent

80248878.wpd
SD2008700236