# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY LORRAINE GRIGGS, ) | Civil No.08cv477 JAH (NLS) |
| ) | |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| v. ) | **FOR ORDER DENYING PETITION** |
| ) | **FOR WRIT OF HABEAS CORPUS** |
| DAWN S. DAVISON, Warden; JAMES E. ) | |
| TILTON, Secretary, ) | [Doc. No. 1] |
| ) | |
| Respondents. ) | |

Kimberly Lorraine Griggs (Griggs or Petitioner), a California prisoner proceeding pro se, filed a petition for writ of habeas corpus (Petition) under 28 U.S.C. § 2254. Petitioner contests her confinement on the basis that her sentence was enhanced by aggravating factors found by a judge rather than by a jury beyond a reasonable doubt. Pet'n at 5. Respondent filed an answer, arguing the Court should deny the Petition because the aggravating factors were actually prior convictions, which a jury need not find true beyond a reasonable doubt. Petitioner filed a traverse.

This Court has reviewed the Petition, answer, traverse, lodgment and the complete record in this case. After a thorough review, the Court **RECOMMENDS** that the Petition be **DENIED** in its entirety.

## BACKGROUND FACTS

The California Court of Appeal noted the factual background as follows:[1]

---

[1] This Court quotes verbatim the factual background of the state appellate opinion. Lodgment 6 at 2-3. *See* 28 U.S.C.§ 2254(e)(1) (state court determination of factual issues presumed correct); *Sumner v. Mata*, 449 U.S. 539, 545-47 (1981) (deference owed to factual findings of state trial and appellate courts); *Garvin v. Farmon*, 258 F.3d 951, 952 (9th Cir. 2001) (paraphrasing facts from the state court opinion).

**Prosecution Case.**

On May 20, 2005, Macy's security agents apprehended Griggs when she left the store carrying merchandise for which she had not paid. While in their custody awaiting police, Griggs stated, "This is the Macy's way of shopping. I'm a secret shopper, and you guys pay me to shoplift." However, when police transported her to jail, she stated she was unemployed, and did not mention her secret employment with Macy's.

**Defense Case.**

Griggs testified she was employed by Macy's corporate headquarters in New York as a "secret shopper" and tested loss prevention systems at Macy's stores by shoplifting from the stores. Her compensation is derived from selling the shoplifted items to "clients" and paying 70 percent of the proceeds to Macy's while keeping the balance. Her employment is covert and she was "not able to disclose" the name of her New York corporate supervisor nor how she reported her activities to her supervisor. She has taken "around $10 million" worth of merchandise from Macy's over her 10 years of secret shopping, but never took property without Macy's permission. She claimed her May 20 theft occurred in her capacity as a secret shopper and she believed she had Macy's permission to take the items.

**Prosecution Rebuttal.**

Macy's regional director of loss prevention, Mr. Kesner, testified Macy's had used "secret shoppers" only to test customer service, and the program had been discontinued two years earlier. Macy's had never hired agents to test loss prevention, and no one had contacted Kesner to identify Griggs as an employee.

## PROCEDURAL HISTORY

A jury convicted Griggs on one count each of burglary and grand theft of personal property. Lodgment 1 at 61-62. In a bifurcated proceeding, Griggs admitted the allegations that she had suffered a prior prison term and had been convicted of a prior strike. Lodgment 2 at 152-155. The court sentenced Griggs to a six-year term for the burglary conviction and stayed the sentence on the grand theft conviction. Lodgment 1 at 71.

Griggs filed a notice of appeal. Lodgment 1 at 73-76. On direct appeal, she argued the trial

court erred because it (1) erroneously admitted an uncharged prior act of shoplifting; and (2) imposed the upper term based on findings made only by the trial court as opposed to by the jury beyond a reasonable doubt. Lodgment 3. The appellate court affirmed the judgment. Lodgment 6. In doing so, the court addressed the substance of Griggs' first claim. *Id.* at 3-5. Regarding the second claim for the imposition of the upper term, Griggs conceded that her contention had been resolved adversely to her by *People v. Black*, 35 Cal.4th 1238 (2005), so the court of appeal did not address that claim in its discussion. *Id.* at 2, n.2. The court acknowledged that Griggs raised the issue to preserve the claim for federal review. *Id.*

Griggs then filed a petition for review with the California Supreme Court and raised the same two issues. Lodgment 7. That court denied the petition, but stated the denial was "without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in *Cunningham v. California*, No. 05-6551, the effect of *Blakely v. Washington* (2004) 542 U.S. 296 and *United States v. Booker* (2005) 543 U.S. 220, on California law." Lodgment 8.

After the U.S. Supreme Court's *Cunningham* decision on January 22, 2007, Griggs filed a habeas corpus petition in San Diego Superior Court, claiming that the trial judge erred in imposing the upper term based on factors found by the trial court rather than by a jury beyond reasonable doubt. Pet'n at 4; Lodgment 9 (Order Denying Petition). The superior court denied the petition. Lodgment 9.

Griggs filed this federal petition on October 3, 2008.

### LEGAL STANDARD

**AEDPA Governs this Petition.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320, 336-337 (1997). Under AEDPA, a federal court will not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the decision was (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002). "Clearly established federal law," for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

**Decisions that Contradict or Unreasonably Apply Federal Law.**

A federal habeas court may grant relief where the state court (1) decides a case "contrary to" federal law by applying a rule different from the governing law set forth in Supreme Court cases; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may also grant habeas relief where a state court decision is an "unreasonable application" of federal law, such as where the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies those decisions to the facts at issue. *Id.*

The state court decision must be more than incorrect or erroneous; to warrant habeas relief the state court's application of "clearly established federal law" must be "objectively unreasonable." *Andrade*, 538 U.S. at 75. "Objectively unreasonable" differs from "clear error" in that a federal court cannot grant habeas relief only because it believes that the state court erroneously or incorrectly applied "clearly established federal law;" the application must be objectively unreasonable. *Id.* at 75-76 (internal citation omitted).

**Decisions Based on an Unreasonable Determination of the Facts.**

Section 2254(e)(1) provides: "[a] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*.

**Review of the State Court Decision.**

If the state supreme court silently denies a petitioner's appeal with a summary dismissal, the reviewing federal habeas court must look through to the last reasoned state court opinion in making a decision. *See Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004). Where no reasoned state court decision addresses a petitioner's claim, the reviewing federal court must conduct "an independent review of the record" to determine whether the state court's decision is objectively unreasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

Here, the decision from the San Diego Superior Court on Griggs' second habeas petition is the last-reasoned state court decision that addresses her claim regarding imposition of the upper term.

///

### DISCUSSION OF PETITIONER'S CLAIM

**Imposition of Upper Term Based on Trial Court's Finding of Aggravating Factors.**

Petitioner's sole claim is that the trial court erred by imposing the upper term sentence because no jury found, beyond a reasonable doubt, the facts necessary to increase her sentence beyond the presumptive middle term. Pet'n at 5; Traverse. Petitioner relies on the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Cunningham v. California*, 549 U.S. 270 (2007) to support her argument. Respondent argues that because Petitioner bases her claims on her prior conviction, her claim fails because the *Apprendi* and *Cunningham* decisions except the requirement that a jury find any prior convictions to be true.

Here, the last reasoned state court decision that addressed Petitioner's claim denied the claim because it found that *Cunningham* did not apply retroactively. Lodgment 9 at 2. The Ninth Circuit, however, recently found that because *Cunningham* did not announce a new rule within the meaning of *Teague v. Lane*, 489 U.S. 288 (1989), *Cunningham* is retroactively applicable to cases on federal habeas review, as its holding was dictated by *Apprendi*, *Blakely* and *Booker*.[2] *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. June 9, 2008). Because this Court does not adopt the state court's analysis from the last reasoned decision addressing Petitioner's claim, it will conduct "an independent review of the record" to determine whether the state court's decision is objectively unreasonable.

In *Apprendi*, the Court held that the fourteenth amendment right to due process and the sixth amendment right to a jury trial requires that "**[o]ther than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 476-477, 490 (emphasis added). In *Cunningham*, the Court found that **other than for the fact of a prior conviction**, California's determinate sentencing law was unconstitutional to the extent it permitted imposition of upper term sentences based on findings made by a judge under a preponderance of the evidence standard rather than by a jury beyond a reasonable doubt. 549 U.S. at 864.

In addition to finding that *Cunningham* may apply retroactively on federal habeas review, the

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington* 542 U.S. 296 (2004); and *United States v. Booker,* 543 U.S. 220 (2005).

*Butler* court defined the "outer bounds of the 'prior conviction' exception after *Apprendi*." *Butler*, 528 F.3d at 644. The Court established these three rules:

> First, '[t]he fact of a prior conviction is the only fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court.' [Citation omitted.] Second, the narrow prior conviction exception applies only to facts directly reflected in the documents of conviction, not to secondary 'facts that are derived or inferred' from a prior conviction or from the conviction documents. [Citation omitted.] Third, as the prior conviction exception is justified by the reliability of court documents created as part of a process with Sixth Amendment safeguards, it does not extend to facts that may be proven only by reference to documents that were not developed as a result of such a process. [Citations omitted.]

*Id.* at 645.

Here, Petitioner admitted the prior conviction and the prior prison term. Lodgment 2 at 152-155. The sentencing court denied her motion to strike the prior conviction because it was a violent prior conviction and Petitioner had a long criminal history. Lodgment 2 at 312. The court did, however, strike the prior prison term for the purpose of the one-year enhancement. *Id.* The fact that the prior conviction was violent is a fact that can be derived or inferred from the prior conviction itself or from the conviction documents. Petitioner's prior conviction here appears within the bounds of the "prior conviction" exception to the *Cunningham* rule. Therefore, the state court's decision to deny Petitioner's claim regarding imposition of the upper term sentence is not objectively unreasonable because, according to federal law, Petitioner is not entitled to have the fact of her prior conviction established by a jury beyond a reasonable doubt. Accordingly, this Court **RECOMMENDS** that Petitioner's claim that the imposition of an upper term sentence violated her constitutional rights be **DENIED**.

## CONCLUSION

Petitioner has failed to show that the state court's determinations were objectively unreasonable. Therefore, this Court **RECOMMENDS** that the Petition be **DENIED** in its entirety. The undersigned submits this report and recommendation to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than ***August 27, 2008***, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than ***September 5, 2008***. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

    **IT IS SO ORDERED.**

DATED: August 6, 2008

                              Hon. Nita L. Stormes
                              U.S. Magistrate Judge