UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY LORRAINE GRIGGS,<br><br>    Petitioner,<br>v.<br><br>DAWN S. DAVISON, Warden; JAMES E. TILTON, Secretary,<br><br>    Respondents. | Civil No. 08CV0477 JAH(NLS)<br><br>**ORDER DENYING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY [DOC. # 20]** |

Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, has filed an application for a certificate of appealibility following this Court's denial of the petition and petitioner's subsequent notice of appeal. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing Slack v. Mc Daniel, 529 U.S. 473 (2000); Barefoot v. Estelle, 463 U.S. 880 (1983)). Petitioner does not have to show "that he should prevail on the merits [since he] has already failed in that endeavor." Lambright, 220 F.3d at 1025 (citing Barefoot, 463 U.S. at 893 n. 4).

Here, the Court denied the petition for writ of habeas corpus finding petitioner's sole claim for relief, that is, whether the trial court erred in imposing an upper term sentence without a jury finding beyond a reasonable doubt the facts necessary for an increase above the presumptive middle term. *See* Docs. # 15, 16; Cunningham v. California, 549 U.S. 270 (2007); Apprendi v. New York, 530 U.S. 466 (2000). Specifically, this Court agreed with the magistrate judge's determination that petitioner's prior conviction fits within the "prior conviction" exception to the rule regarding jury findings for increased sentences. *See* Doc. # 16 at 3 (citing Butler v. Curry 528 F.3d 624, 644-645 (9th Cir. 2008)(defining the "outer bounds of the 'prior conviction' exception after Apprendi.")). Petitioner did not file objections to the magistrate judge's findings and recommendation. Therefore, based on the Court's *de novo* review of the record, this Court determined the magistrate judge's analysis was well-reasoned and adopted it *in toto*.

Petitioner now claims she did not receive notice of the filing of the magistrate judge's report and recommendation causing her to be unaware of the deadline for filing objections in violation of her due process rights. *See* Doc. # 20 at 2. However, this Court notes that petitioner does not present argument or evidence to rebut the findings and conclusions presented by the magistrate judge and adopted by this Court as to the disposition of petitioner's sole claim for relief. Under these circumstances, this Court finds that an analysis of petitioner's claim is not an issue debatable among jurists of reason nor could any other court resolve the issue in a different manner warranting the issuance of a certificate of appealability. *See* Lambright, 220 F.3d at 1024-25. Accordingly, petitioner's application for a certificate of appealability is **DENIED.**

DATED: December 3, 2008

JOHN A. HOUSTON
United States District Judge